IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WALTER EUGENE ADAMS,** | ) | **CASE NO. 4:10CV3010** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JUDITH L. WIDENER, SCOTTSBLUFF COUNTY, and GLENN G. CAMERER, Judge,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 22, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on January 22, 2010, against Judith L. Widener; Scottsbluff County, Nebraska; and Judge Glenn G. Camerer. (Filing No. 1 at CM/ECF p. 1.) Plaintiff and Defendants reside in Nebraska. (*Id.*)

Plaintiff's allegations are nonsensical and difficult to decipher. As best as the court can tell, Plaintiff alleges the following facts: he lost a rare book collection because the United States Social Security Administration appointed "safe Haven" over him; an unnamed party tore down his house and sold the lot; the police placed him in jail for six months after he called 911, which "broke up [his] marriage for good"; John Brehm, Jr. and George Dale Winters used him as a slave; he has been placed in nursing homes in Colorado and Nebraska where he has been beaten and treated like a prisoner; and the United States Department of Veterans Affairs and the United States Social Security

Administration are working together to keep his "guardian payee" in place against his will. (Filing No. 1 at CM/ECF pp. 2-3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

As set forth above, Plaintiff's allegations are difficult to decipher. More importantly, he does not mention any of the Defendants or the actions they took in the body of his Complaint. A complaint that only lists a defendant's name in the caption without alleging

2

that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See *Krych v. Hvass,* 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

Because Plaintiff fails to allege that Defendants were personally involved, Plaintiff's Complaint fails to state a claim against which relief may be granted. Accordingly, Plaintiff's Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 31th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court. 3